UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| O'CHARLEY'S MANAGEMENT COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:07-0072 ) Judge Echols |
| DARDEN CONCEPTS, INC. | ) ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant Darden Concepts Inc.'s ("Darden Concepts") Motion to Dismiss and/or to Change Venue (Docket Entry No. 6), to which Plaintiff O'Charley's Management Company, Inc. ("O'Charley's") has responded in opposition, Darden Concepts has replied, and O'Charley's has sur-replied.

## I. FACTS

This is an action for trademark infringement and unfair competition under both the Lanham Act and Tennessee law. The general facts are as follows.

O'Charley's is a Tennessee corporation with its principal place of business in Nashville, Tennessee. Darden Concepts is a Florida corporation with a business address in Orlando, Florida. (Verified Complaint ¶¶ 1-2).

O'Charley's owns three federal trademarks for "Stoney River" which it has applied successfully to restaurant services since 1996. (Id. ¶ 5-7). Two of O'Charley's Stoney River Restaurants are located in the Middle District of Tennessee. (Id. ¶ 4).

O'Charley's contends that Darden Concepts owns and operates the Red Lobster, Olive Garden, and Smokey Bones restaurants, thirty-two of which are located in Tennessee, including five Smokey Bones restaurants. O'Charley's also maintains that each of these restaurant chains has its own website, i.e. www.redlobster.com, www.olivegarden.com, www.smokeybones.com, and

1

www.bahamabreeze.com, and that each website is interactive and accessible to patrons in Tennessee.

O'Charley's contends that Defendant Darden Concepts intends to use the mark "Rocky River" for use in "restaurant services." (Id. ¶ 9-10). In fact, Darden Concepts has opened a restaurant using the "Rocky River" mark in Cuyahoga Falls, Ohio and intends to replace underperforming Smokey Bones Restaurants (including some of the ones located in Tennessee) with the Rocky River concept that it is experimenting with in Ohio. (Id. ¶¶ 10-11).

According to O'Charley's, Darden Concepts has active plans to infringe its Stoney River Mark in this district by recasting Smokey Bones Restaurants into Rocky River Restaurants. According to O'Charley's "rocky" is synonymous with "stoney" and "[b]ecause of the identical meanings and connotations of STONEY RIVER and ROCKY RIVER, consumers, prospective customers and patrons are likely to confuse the two names and be unable to identify which name goes with which restaurant." (Id. at ¶¶ 13-14).

For its part, Darden Concepts maintains that the Rocky River Grillhouse in Ohio is owned by GMRI, Inc., a Florida corporation. Moreover, Darden Concepts "does not own or operate any restaurant in Tennessee and does not own, operate, or conduct any other business in the State of Tennessee." (Abney Decl. ¶ 2). As for the restaurant chain websites referenced by O'Charley's, Darden Concepts claims that it does not own the domain names associated with those websites, and does not operate any of those websites, or any other website. (Second Abney Decl. ¶¶ 3-4).

Darden Concepts also asserts that it "does not use any mark owned by it in Tennessee or in any other state or location other than Florida." (Id. ¶ 5). Instead, Darden Concepts licenses the marks that it owns to GMRI, Inc. and other affiliated entities. GMRI and those other affiliated entities then use those marks in connection with the operation of websites and restaurants in Tennessee and other states. (Id. ¶ 6).

2

As for the assertion that Smokey Bones restaurants will be converted to Rocky River restaurants, E. Charlene Abney ("Abney"), the Assistant Secretary of Darden Concepts, as well as GMRI, has filed a declaration in which she states:

> Contrary to the statements in Plaintiff's Response to Defendant's Motion to Dismiss, there is no present intention to convert all Smokey Bone Barbeque & Grill restaurants in Tennessee to the Rocky River Grillhouse concept. That is a business decision that depends upon many factors, including terms of the subject leases and performance of the subject restaurants and market evaluation research. No decision has been made to convert all of the Smokey Bones restaurants in Tennessee to the Rocky River Grillhouse.

(Id. ¶ 7).

Notwithstanding the assertions made by Abney, O'Charley's has submitted copies of website pages for Red Lobster, Smokey Bones, Bahama Breeze and Olive Garden. Each of those websites indicate that the respective trademarks, logos, and other marks "are wholly owned by Darden Concepts, Inc., a wholly owned subsidiary of Darden Restaurants, Inc. and used or license[d] by its affiliated companies." (See, e.g., Docket Entry No. 9, Ex. 1). The websites indicate that use of the marks "is strictly prohibited and Darden Concepts Inc. will take all necessary action to enforce its rights." (Id.).

Darden has moved to dismiss this action for lack of personal jurisdiction or to transfer this action to the Middle District of Florida. Darden also requests that O'Charley's' state law claims be dismissed for failure to state a claim upon which relief can be granted. O'Charley's submits that the case (and all of its claims) should remain pending in this Court, or the Court should allow it time to determine facts supporting jurisdiction through discovery.

## II. ANALYSIS

Because a valid judgment cannot be rendered by this Court if it is without jurisdiction over the claims (subject matter jurisdiction) and over the parties (personal jurisdiction) the Court must first consider the jurisdictional issues raised by the motion to dismiss. See, Sinchem Intern. Co. Ltd. v Malaysia Int'l Shipping Corp., 127 S.Ct. 1184, 1191 (2007). In this case, Darden Concepts

3

does not contest that this Court has subject matter jurisdiction, but claims that the Court lacks personal jurisdiction over it.

In order for this Court to have personal jurisdiction over the Defendant, the Plaintiff must show the Defendant has sufficient minimum contacts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Young v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Minimum contacts exist where the Defendant purposefully avails itself of the privilege of conducting activities within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). A defendant who invokes the benefit and protections of the state's laws "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. "General jurisdiction is established 'when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" Fortis Corporate Ins. v. Viken Ship Mgmt., 450 F.3d 213, 218 (6th Cir. 2006)(citation omitted). Specific jurisdiction "'subjects the defendant to 'suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum.'" Id. (citation omitted).

In this case, the record is not sufficient to establish whether or not this court has general or specific personal jurisdiction over Darden Concepts. On the one hand, Darden claims that it has nothing to do with running the chain restaurants identified by O'Charley's, that it does not maintain those restaurants' websites, and that there is no present intention to turn all[1] of the Smokey Bones restaurants in Tennessee into Rocky River restaurants. On the other hand, O'Charley's has pointed

---

[1]Abney's use of the word "all" in her declaration as in "[n]o decision has been made to convert all of the Smokey Bones restaurants in Tennessee to the Rocky River Grillhouse" is interesting. This could be read as suggesting no decision has been made as to converting any of the restaurants. Alternatively, it could be read as suggesting a decision has been made to convert some, but not all, Smokey Bones Restaurants to Rocky River Grillhouses.

4

to websites which seem to suggest some connection between Darden and the chain restaurants, and presented press releases which suggest that there is a present intention to turn the Smokey Bones Restaurants in Tennessee into Rocky River Restaurants.[2]

As O'Charley's aptly observes in it Sur-reply, the issues presented by Darden's Motion to Dismiss are highly fact-intensive. (Docket Entry No. 14). The Court finds that many of the factual issues raised by the parties in relation to personal jurisdiction can be resolved through discovery.

The Supreme Court has noted that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13 (1978). In recognition of this, several courts have deferred ruling on motions to dismiss for lack of personal jurisdiction and/or to change venue until the parties have had an opportunity to conduct discovery relating to establishing jurisdiction and/or the convenience of the parties and witnesses. See, In re American Continental Corp., 102 F.3d 1524, 1543 ("a proper application of section 1404(a) often depends on information obtained through discovery"), rev'd on other grounds, Lexcon Inc. v. Milberg Wiess Bershad Hynes & Lerach, 523 U.S. 26 (1998); Roberti v. Longworth, 164 F.Supp.2d 395, 395-96 (S.D.N.Y. 2001)(denying motion to transfer "without prejudice to any application by any party to be made after pretrial discovery has been concluded, and the names and locations of necessary witnesses have been ascertained"); Controlotron Corp. v. Perry Printing Corp., 1990 WL 86085 (D.N.H. 1990)(denying motion to dismiss or transfer without prejudice and ordering parties to "engage in discovery limited to ascertaining facts relevant to the issues of jurisdiction and venue").

In this case which was only recently filed, the Court determines that the parties should be allowed to take discovery before the Court rules on a Motion to Dismiss for lack of personal

---

[2]Although not relied upon in formulating this decision, the Court notes that after the parties' briefed the present Motion, an article appeared in the local Nashville newspaper, suggesting that the Smokey Bones Restaurants were being closed and/or sold and that there was no intention to convert those restaurants into Rocky River restaurants. See, Todd Pack, O'Charley's Trademark Suit Gets Surprise Twist, The Tennesseean, May 8, 2007, at E1.

5

jurisdiction, so that both the parties and the Court will be better able to examine whether the case should proceed here or in an alternative forum. For that reason, the Motion to Dismiss will be denied, but that denial will be without prejudice to refiling the Motion after the parties have conducted discovery on the issues relating to jurisdiction and the appropriate venue for this action.[3]

### III. CONCLUSION

On the basis of the foregoing, the Court will deny Defendant's "Motion to Dismiss and/or to Change Venue," although Defendants will be afforded the opportunity to re-file its Motion after the parties have conducted discovery relating to this Court's personal jurisdiction over this action.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

---

[3]Because the Court has not determined the propriety of exercising jurisdiction over this action, Darden Concept's request that the state law claims be dismissed will also be denied at this time. See,. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998)(generally, a federal court may not assume "hypothetical jurisdiction" and resolve a case on the merits).

6